IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-11-D
No. 5:10-CV-376-D

| | | |
|---|---|---|
| WILLIAM TURNER SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On October 7, 2010, William Turner Smith ("Smith") filed a corrected motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 49]. In his section 2255 motion, Smith asks the court to vacate his current sentence, to recalculate his advisory guideline range, and to resentence him. See [D.E. 49] 12. Smith asserts violations of his Fourth Amendment rights, an improper plea agreement, errors in calculating drug quantities, and ineffective assistance of counsel. Id. 4–8, 13. On December 23, 2010, the government moved to dismiss Smith's motion [D.E. 58]. As explained below, the court grants the government's motion to dismiss.

On November 17, 2008, pursuant to a plea agreement, Smith pleaded guilty to a one-count indictment that charged Smith with possession with the intent to distribute more than five grams of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) [D.E. 1, 26, 27]. On February 25, 2009, the court calculated Smith's advisory guideline range to be 292 to 365 months, [D.E. 39] 21, and sentenced Smith to 336 months' imprisonment [D.E. 35, 36]. The United States Court of Appeals for the Fourth Circuit affirmed Smith's conviction and sentence. United States v. Smith, 367 F. App'x 391 (4th Cir. 2010) (per curiam) (unpublished).

In Smith's plea agreement, Smith waived certain appellate and other rights. See [D.E. 27]
¶ 2(c). The appellate waiver stated that Smith agreed:

> [t]o waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[D.E. 27] ¶ 2(c). The government asks the court to enforce the appellate waiver in Smith's plea agreement and dismiss his section 2255 motion. See [D.E. 59] 4–5.

Before considering the effect of Smith's appellate waiver, the court first ensures that the waiver was valid. To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Here, the record of Smith's Rule 11 colloquy reflects that Smith had discussed the entire agreement with his attorney, that Smith understood each term in the agreement, and that he knowingly and intelligently entered into the agreement. See [D.E. 38] 14–25. The court specifically read aloud the entire appellate waiver and confirmed that Smith understood the appellate and other rights he was waiving. Id. 19–22. The court may rely on Smith's sworn statements made during the Rule 11 colloquy to conclude that Smith made the waiver knowingly and voluntarily. United States v. Lemaster, 403

F.3d 216, 221–22 (4th Cir. 2005). Indeed, the Fourth Circuit already has upheld the validity of Smith's waiver. Smith, 367 F. App'x at 392. Thus, Smith's waiver was valid.

As for the scope of the appellate waiver, Smith waived his right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range." [D.E. 27] ¶ 2(c). Smith only reserved his "right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing" or "upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." Id. The appellate waiver applied to direct appeals of his sentence and to post-conviction proceedings pursuant to section 2255. Id.; see Lemaster, 403 F.3d at 220.

Smith received a sentence of 336 months' imprisonment, which was within the advisory guideline range calculated at sentencing. Furthermore, Smith has failed to plausibly allege ineffective assistance of counsel or prosecutorial misconduct not known to Smith at the time of his sentencing. Smith's attorney did in fact contest at sentencing the drug quantity attributable to Smith. See [D.E. 30]; [D.E. 39] 4–20. The attorney's failure to file a motion to suppress does not raise a plausible issue of ineffective assistance of counsel. See Premo v. Moore, 131 S. Ct. 733, 740–43 (2011); Tollett v. Henderson, 411 U.S. 258, 267–68 (1973). Finally, Smith's plea agreement does not violate Rule 11 or raise a plausible issue of prosecutorial misconduct. See United States v. Ruiz, 536 U.S. 622, 630 (2002); Blick, 408 F.3d at 169. Smith's section 2255 motion falls within the appellate waiver in his plea agreement. See, e.g., [D.E. 27] ¶ 2(c); Thornsbury, 670 F.3d at 538–40; United States v. Cohen, 459 F.3d 490, 495–96 (4th Cir. 2006); Blick, 408 F.3d at 172–73. Thus, the court enforces the appellate waiver and dismisses Smith's section 2255 motion.

Alternatively, Smith has procedurally defaulted on his claims. Following his conviction,

3

Smith's counsel filed an <u>Anders</u> brief with the Fourth Circuit "explaining that [Smith's counsel] found no meritorious grounds for appeal, but suggesting that the district court erred in calculating the drug quantity for sentencing purposes and by denying Smith's motion for a downward variance." Smith, 367 F. App'x at 391–92. Smith was notified of his right to submit a supplemental brief to the Fourth Circuit. See United States v. Smith, No. 09-4225, [D.E. 29] (4th Cir. July 7, 2009). Smith requested and received an extension of time in which to file a supplemental brief, id. [D.E. 39, 40], but he failed to file a supplemental brief. See Smith, 367 F. App'x at 392. Under the general rule of procedural default, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). Smith does not plausibly allege cause and prejudice or actual innocence in order to avoid this general rule. Bousley v. United States, 523 U.S. 614, 622 (1998); see United States v. Pettiford, 612 F.3d 270, 280, 284 (4th Cir. 2010).

Finally, Smith's claim of error in calculating his advisory guideline range does not constitute prejudice or a miscarriage of justice sufficient to surmount the procedural bar of section 2255 because the sentence imposed does not exceed the statutory maximum. See, e.g., 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999).

After reviewing the claims presented in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Smith's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, the court GRANTS the government's motion to dismiss [D.E. 58] and DENIES

4

Smith's motions to vacate, set aside, or correct his sentence [D.E. 46, 49]. Smith's motion for extension of time to file an appeal [D.E. 44] is DENIED as moot. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 11 day of June 2013.

JAMES C. DEVER III
Chief United States District Judge