IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-11-D
No. 5:10-CV-376-D
No. 5:14-CV-373-D

| | | |
|---|---|---|
| WILLIAM TURNER SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On May 22, 2014, William Turner Smith ("Smith") filed a motion for a sentence reduction under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c). See [D.E. 76]. On June 30, 2014, Smith filed his second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 80]. As explained below, the court denies Smith's motion under 18 U.S.C. § 3582(c) and dismisses his motion under 28 U.S.C. § 2255.

On November 17, 2008, pursuant to a written plea agreement [D.E. 27], Smith pleaded guilty to knowingly and intentionally possessing with the intent to distribute more than five grams of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). See [D.E. 26]. On February 25, 2009, the court sentenced Smith (a recidivist and violent drug dealer) to 336 months' imprisonment. See [D.E. 36, 39]. On February 23, 2010, the United States Court of Appeals for the Fourth Circuit affirmed Smith's conviction, enforced the appellate waiver in Smith's plea agreement, and dismissed Smith's appeal concerning his sentence. See United States v. Smith, 367 F. App'x 391, 392 (4th Cir. 2010) (per curiam) (unpublished).

On October 7, 2010, Smith filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 49]. On June 11, 2013, the court dismissed Smith's motion for failure to state a claim upon which relief can be granted. See [D.E. 64]. On March 27, 2014, the Fourth Circuit declined to issue a certificate of appealability and dismissed Smith's appeal. See United States v. Smith, 562 F. App'x 171 (4th Cir. 2014) (per curiam) (unpublished).

On June 30, 2014, Smith filed his second section 2255 motion, and cites United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), and United States v. Hairston, 754 F.3d 258 (4th Cir. 2014). See [D.E. 80]. The latest motion appears to be as baseless as Smith's first motion. After all, as the Fourth Circuit explained in Smith's direct appeal and this court explained in its order dismissing Smith's first section 2255 motion, the appellate waiver in Smith's plea agreement is valid. As such, it bars Smith's section 2255 motion concerning Simmons, Whiteside, and Smith's status as a career offender. See [D.E. 64] 2–5; United States v. Copeland, 707 F.3d 522, 529–30 (4th Cir. 2013). Furthermore, and alternatively, Smith's status as a career offender did not produce his advisory guideline range of 292 to 365 months. See PSR ¶¶ 35, 60, 65; Sentencing Tr. [D.E. 39] 18–21. Rather, independent of being a career offender, Smith had a criminal history category of VI, see PSR ¶ 35, and his drug weight and possession of a firearm yielded an adjusted offense level of 38. See id. ¶ 60. Thus, even if the court considered the merits, Simmons, Whiteside, and Hairston provide no relief.

Alternatively, Smith's reliance on Whiteside and Hairston fails for another reason. As for Whiteside, the Fourth Circuit entered an order on July 10, 2014, voting to rehear Whiteside en banc. See Whiteside v. United States, No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014) (unpublished). Hence, the panel opinion in Whiteside has been vacated. See 4th Cir. R. 35(c); Richmond Med. Ctr. for Women v. Herring, 570 F.3d 165, 168 (4th Cir. 2009) (en banc). As for

2

Hairston, it provides no relief to Smith. Unlike in Hairston, the government has timely asserted the appellate waiver in Smith's plea agreement. See [D.E. 59] 4–5; [D.E. 64] 2–5; cf. Copeland, 707 F.3d at 529–30.

In any event, the court need not dwell on the merits concerning Smith's latest section 2255 motion. Smith failed to obtain the required authorization from the Fourth Circuit before filing his latest section 2255 motion. Accordingly, this court lacks jurisdiction to review the section 2255 motion. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus application] is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application."); see, e.g., Burton v. Stewart, 549 U.S. 147, 152–53, 157 (2007) (per curiam); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir. 2003); In re Vial, 115 F.3d 1192, 1194–95 (4th Cir. 1997) (en banc). Thus, the court dismisses Smith's section 2255 motion.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Smith's latest section 2255 motion debatable.

Smith also seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. See [D.E. 76]. The government opposes Smith's motion. See [D.E. 83].

The government's response appears to note correctly that this court lacks authority to grant relief under section 3582(c)(2) and U.S.S.G. § 1B1.10. See [D.E. 83]; United States v. Munn, 595

3

F.3d 183, 187 (4th Cir. 2010). The court need not, however, resolve that issue. Assuming without deciding that the court has discretion under section 3582(c), the court declines to exercise its discretion to reduce Smith's sentence. See United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 196–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). Smith has a deplorable criminal history (PSR ¶¶ 12–32), a poor work history (id. ¶¶ 46–51), and a history of violence. See id. ¶¶ 20, 23, 24, 26. Having (again) reviewed the entire record, Smith received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a). See, e.g., Perez, 536 F. App'x at 321; cf. Sentencing Tr. 30–35. Thus, the court denies Smith's motion under 18 U.S.C. § 3582(c).

In sum, the court DISMISSES Smith's section 2255 motion [D.E. 80], and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The court also DENIES Smith's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) [D.E. 76].

SO ORDERED. This 9 day of August 2014.

James Dever
JAMES C. DEVER III
Chief United States District Judge

4

Case 5:07-cr-00011-D   Document 84   Filed 08/11/14   Page 4 of 4