IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-11-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WILLIAM TURNER SMITH, ) | |
| ) | |
| Defendant. ) | |

On March 22, 2018, William Turner Smith ("Smith" or "defendant"), through counsel, moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c) and Amendment 782 [D.E. 97]. On July 1, 2019, Smith moved pro se for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) [D.E. 98]. On November 27, 2019, Smith, through counsel, moved to supplement his motion under the First Step Act [D.E. 101]. On December 11, 2019, the government responded in opposition [D.E. 103]. On December 17, 2019, Smith replied and filed exhibits [D.E. 104]. The same day, Probation filed a modification to the Presentence Investigation Report ("PSR") [D.E. 105]. The same day, Smith objected to the modification [D.E. 106] and filed a memorandum in support [D.E. 109]. On July 22, 2021, Smith filed an updated motion under section 404 of the First Step Act, a memorandum in support, and exhibits [D.E. 110]. On July 27, 2021, Smith supplemented his updated motion and memorandum in support [D.E. 111]. As explained below, the court grants Smith's motions for sentence reduction under section 404 of the First Step Act and denies as moot Smith's motion under 18 U.S.C. § 3582(c).

I.

On November 17, 2008, pursuant to a written plea agreement, Smith pleaded guilty to possession with intent to distribute more than five grams of cocaine base (crack) and a quantity of cocaine. See [D.E. 1, 26, 27]. On February 25, 2009, the court held Smith's sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 36, 39]. After ruling on the objections, the court calculated Smith's total offense level to be 35, his criminal history category to be VI, and his advisory guideline range to be 292 to 365 months' imprisonment. See [D.E. 36]; [D.E. 39] 5–21. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Smith to 336 months' imprisonment. See [D.E. 36] 2; [D.E. 39] 21–33. Smith appealed [D.E. 31]. On February 23, 2010, the United States Court of Appeals for the Fourth Circuit affirmed Smith's conviction, enforced the appellate waiver in Smith's plea agreement, and dismissed Smith's appeal concerning his sentence. See United States v. Smith, 367 F. App'x 391, 392 (4th Cir. 2010) (per curiam) (unpublished); [D.E. 41, 42].

On October 7, 2010, Smith moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 49]. On June 11, 2013, the court dismissed Smith's motion [D.E. 64]. Smith appealed [D.E. 66]. On March 27, 2014, the Fourth Circuit declined to issue a certificate of appealability and dismissed Smith's appeal. See United States v. Smith, 562 F. App'x 171 (4th Cir. 2014) (per curiam) (unpublished); [D.E. 69, 70].

On May 22, 2014, Smith moved for sentence reduction under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c) [D.E. 76]. On June 30, 2014, Smith filed a second 28 U.S.C. § 2255 motion [D.E. 80]. On August 11, 2014, the court denied Smith's 18 U.S.C. § 3582(c) motion, dismissed Smith's 28 U.S.C. § 2255 motion, and denied a certificate of appealability [D.E. 84]. Smith appealed [D.E. 86]. On April 15, 2015, the Fourth Circuit denied a certificate of appealability and

2

dismissed the appeal. See United States v. Smith, 599 F. App'x 495, 496 (4th Cir. 2015) (per curiam) (unpublished); [D.E. 89, 90].

Smith moves for sentence reduction under section 404 of the First Step Act. On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); United States v. Collington, 995 F.3d 347, 353 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17

3

(4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Lancaster, 997 F.3d at 174–76; Collington, 995 F.3d at 357; Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., Collington, 995 F.3d at 357–58; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished); but cf. Collington, 995 F.3d at 356–58 (district court must reduce sentence to comply with any new statutory maximum sentence).

Smith's February 2009 conviction for possession with the intent to distribute more than five grams of cocaine base (crack) and a quantity of cocaine is a covered offense under section 404(a) of the First Step Act because this conviction is an offense whose statutory penalties were modified by the Fair Sentencing Act that was committed before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step

4

Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010.") (quotation omitted). Thus, Smith is eligible for sentence reduction.

Smith's new statutory maximum is 240 months' imprisonment. See [D.E. 105]; cf. Collington, 995 F.3d at 356–58 (district court must reduce sentence to comply with any new statutory maximum sentence). Smith's new total offense level is 33, his new criminal history category is V, and his new advisory guideline range is 210 to 240 months' imprisonment. See [D.E. 110] 4–6. The court has completely reviewed the entire record, the parties' arguments, the new statutory maximum, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Smith's conduct, Smith engaged in serious criminal conduct from at least 2004 to 2006. See PSR ¶¶ 7–10. Smith is accountable for distributing 3.539 kilograms of cocaine base and 4.083 kilograms of cocaine powder. See id. Smith also possessed a firearm in connection with his drug trafficking. See id.

Smith's armed drug dealing was nothing new. When sentenced, Smith was a violent, recidivist drug dealer with convictions for maintaining a vehicle/dwelling/place for controlled substances (three counts), possession of marijuana up to ½ ounce (four counts), possession of drug paraphernalia (three counts), possession of marijuana ½ to 1 ½ ounces (two counts), assault on a government official or employee (five counts), possession with intent to sell and deliver marijuana, possession with intent to manufacture/sell/deliver cocaine, and attempt to traffic in cocaine. See id. ¶¶ 12–31. Smith also performed poorly while on supervision. See id. Nonetheless, Smith has taken many positive steps while incarcerated, has not incurred any disciplinary infractions, and has a

5

supportive family. See [D.E. 104] 3–4; [D.E. 104-1, 104-2, 104-3, 104-4, 104-5]; [D.E. 105] 2; [D.E. 107]; [D.E. 110] 6–7; [D.E. 110-5, 110-6, 110-7, 110-8, 110-9, 110-10, 110-11]; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); McDonald, 986 F.3d at 412; United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Balancing Smith's positive conduct while incarcerated on his federal sentence and his supportive family with Smith's serious criminal conduct, terrible criminal record, poor performance on supervision, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate Smith, the court reduces Smith's sentence to 240 months' imprisonment and five years' supervised release, but declines to reduce Smith's sentence any further. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; High, 997 F.3d at 185–86; Lancaster, 997 F.3d at 176; Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, Smith's arguments, the government's arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce Smith's sentence any lower than 240 months' imprisonment and five years' supervised release in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court GRANTS Smith's motions for reduction of sentence pursuant to section 404 of the First Step Act and REDUCES his sentence to 240 months' imprisonment and five years' supervised release [D.E. 98, 101]. The court DENIES as moot Smith's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c), and Amendment 782 [D.E. 97].

6

SO ORDERED. This 28 day of July 2021.

                                                                  JAMES C. DEVER III
                                                                  United States District Judge